RECEIVED
NOV - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District Of Columbia

Michael D. Marlin
v.                                    Civil Action No. 07-1800 UNA
Harley Lappin

## Plaintiff's Appeal

    Comes now Plaintiff, Michael D. Marlin, a pro se petitioner who has been granted in forma pauperis status, now requests this Honorable Court to accept this appeal of order of dismissal without prejudice filed on October 5, 2007.
    Plaintiff brings this civil claim for damages against the defendant for his failure to train, supervise or have qualified supervisory staff members on the three Federal Institutions plaintiff has been transferred to.
    "[A] sheriff [director] not personally involved in the acts that deprived the plaintiff of [his/her] constitutional rights is liable under section 1983 if: (1) the sheriff [Director] failed to train or supervise the officer [subordinates] involved; (2) there is a causal connection between the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutionals rights," Thompson v. Upshur County, Tx. 245 F.3d 447, at 459 (5 Cir 2001). "Training's inadequacy" must be obvious and obviously likely to result in a constitutional violation," citing City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1205 n.10, 103 L.Ed.2d 412

1.

Plaintiff's filed civil claim for damages shows that the administration at all three institutions violated the plaintiff's same guaranteed rights, violated their own administrative remedy process, causing pain and suffering, sleepless nights, permanent damage to plaintiff's hearing, excessive scarring from insect bites, neurological damage and skeletal damage from falls created by the failure of training and supervision of the defendant's subordinates. "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "`the moving force of the constitutional violation'", Grandstaff v. City of Borger, 767 F.2d 161, 169, 170 (5th Cir. 1985) cited in Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987) quoting Monell v. Dept. of Social Services, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978)

Plaintiff's civil claim exhibits violations of his constitutional rights at all three of the institutions the Bureau of Prisons has transferred him to. "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference", Snyder v. Trepagnier, 142 F.3d 791, 798-99 (5th Cir. 98); Belt, 828 F.2d. at 304-05. "The plaintiff must generally demonstrate at least a pattern of similiar violations", Snyder, at 798. Plaintiff states at every institution the unit manager refuses to abide by the "fixed time limits" on the

2.

informal resolution stage (BP-8) and plaintiff has numerous exhibits showing some were as late as one hundred days. Plaintiff also has evidence on two institutions placing plaintiff, while in a wheelchair, in a non-handi-capped equipped cell while placed in segegregated housing. Plaintiff has documented evidence of a captain Marquez ordering plaintiff to sit in a wheelchair outside on a lock-down in a hurricane for three hours. Plaintiff states that the defendant knew of most if not all of the violations because plaintiff has filed over five hundred and fifty administrative remedies and presuming the defendant did his job as the Director of the Bureau of Prisons, Plaintiff has filed no less than four grievances with the (1) Office of Inspector General; (2) Office of Internal Affairs for B.O.P.; (3) My House of Representative and (4) the Attorney General of the U.S.

## Conclusion

Plaintiff feels this civil claim for damages has merit. Defendant has failed to train and supervise his subordinates. The administrative remedy stage B.P-11 came straight to his office, all 550 of them, he knew of all the violations of my constitutional rights and did nothing

October 31, 2007                    Michael D Nail